# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **BOBBY RUTLEDGE,** *Petitioner,* v. **TARMARSHE SMITH,** *et al.,* *Respondent.* | **CIVIL ACTION NO.** **5:21-cv-00025-TES-CHW** |

## ORDER

Petitioner Bobby Rutledge has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his July 1997 conviction and sentence in the Houston County Superior Court. [Doc. 1]. A review of this Court's records reveals that Petitioner has filed a previous federal habeas corpus petition challenging this same conviction, which was dismissed in 2010. *See* Order Adopting Report & Recommendation, *Rutledge v. Smith*, No. 5:07-cv-00086-CAR (M.D. Ga. Mar. 26, 2010), ECF No. 72.

"Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). The instant Petition is considered successive within the meaning of § 2244(b). Moreover, it does not appear, and Petitioner does not allege, that a three-

judge panel of the Eleventh Circuit Court of Appeals has authorized this Court to consider a successive habeas petition for his 1997 conviction. Without such an order, this Court lacks jurisdiction to consider the successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) (per curiam).

The Court therefore **DISMISSES** the Petition for Writ of Habeas Corpus [Doc. 1] **without prejudice** to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3).[1] The Court also **DIRECTS** the Clerk to furnish Petitioner with the application form required by the Eleventh Circuit.[2]

**SO ORDERED**, this 22nd day of March, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court also **TERMINATES** Petitioner's pending Motion for Preliminary Injunction [Doc. 4] and Motion for Leave to Proceed *In Forma Pauperis* [Doc. 7] as **moot.**

[2] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas corpus proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.